UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

Serendip LLC,

                Plaintiff,

     vs.

Gubiev Rusian & YouTube LLC,

                Defendants.

------------------------------------------------------- x

25 CV 2047 (  )

**COMPLAINT**

Plaintiff Serendip LLC for its Complaint for copyright infringement, alleges as follows:

## PARTIES

1.     Plaintiff Serendip LLC (hereinafter "Serendip") is a limited liability company formed under the laws of the State of New York, with its principal place of business in this District, and is the owner of the copyrights in Wendy Carlos's music works and master sound recordings.

2.     Upon information and belief, Defendant Gubiev Rusian, (hereinafter "Rusian" or "Defendant") is a foreign individual residing in Russia, who uploads music videos to YouTube.com under the user name Frostlagte Mane.

3.     Upon information and belief, Defendant YouTube LLC, (hereinafter "YouTube" or "Defendant") is a limited liability company which is a subsidiary of Google LLC, a limited liability company with a regular and established place of business in this District, where business activities are conducted on behalf of YouTube LLC. Joinder of this party is required pursuant to F.R.C.P Rule 19,

because, in its absence, the Court cannot accord complete relief among the parties.

## JURISDICTION AND VENUE

4    This Court has jurisdiction of this action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* under 28 U.S.C. § 1338(a).

5    Venue is proper in this district under 28 U.S.C. § 1400(a), 28 U.S.C. § 1391(b)(2) and (c)(3), because the subject copyrights are situated in this District, the defendant YouTube LLC regularly conducts business in this District and the defendant Rusian does not reside in the United States.

## BACKGROUND FACTS

6.    Wendy Carlos arranged, orchestrated, performed and recorded music of J.S. Bach on the 1968 album "Switched-On Bach", which won three Grammy awards and served to propel Carlos and electronic music with the Moog synthesizer into the public consciousness, while spending many weeks on the lists of top selling classical and popular music albums. After a follow-up album which further demonstrated the unmatched style and quality of Carlos's music, Stanley Kubrick became interested in obtaining the services of Carlos to provide music for the motion picture "A Clockwork Orange", theatrically released by Warner Bros. in 1971. Wendy Carlos composed or arranged, orchestrated, performed and recorded six pieces of music, whicch were used in the soundtrack and trailer of the motion picture. "A Clockwork Orange" made the American Film Institute's list of 100 greatest motion pictures, and also appears on lists of the best motion picture music soundtracks.

7.    Compensation for the use of Wendy Carlos's music comes from royalties from sales of recorded media such as compact discs, performing rights royalties when the music is heard on radio, television or other venues pursuant to blanket licensing, and specific mechanical, synchronization and master use

2

licenses required when the music is used in connection with audio recordings, motion picture, television or other video images, and radio or Internet uses. In general, following the early years after an album is released, the primary source of revenue for popular pieces of music arises from synchronization and master use licenses, and Serendip receives far more license requests for music from "A Clockwork Orange" soundtrack than any other music by Wendy Carlos.

8. With the advent of the Internet and websites such as eBay.com and YouTube.com, Serendip has been forced to monitor the content of such sites for the sale of pirate copies of Wendy Carlos's albums or the posting of her music on websites, unauthorized by Serendip or the law. In so doing, Serendip makes use of provisions of the Digital Millennium Copyright Act (DMCA), pursuant to 17 U.S.C. § 512, to protect Serendip's copyrights. Upon information and belief, since 1998, Serendip has found hundreds of unauthorized phonorecords of Wendy Carlos's music for sale on eBay.com or other websites, and since 2007, thousands of unauthorized uses of her music on YouTube.com, with the majority utilizing Wendy Carlos's music from "A Clockwork Orange" soundtrack.

## SERENDIP'S COPYRIGHTS

9. Wendy Carlos's music at issue in this action, entitled "Title Music From A Clockwork Orange", was used in the soundtrack of the motion picture "A Clockwork Orange." The unpublished score of this music was registered for copyright in the U.S. in 1971, with Registration Certificate EU297051, and the copyright renewal by Serendip was registered in 2009, with registration certificate RE 930-776. The master sound recordings for the music used in "A Clockwork Orange" soundtrack were fixed in a phonorecord and registered for copyright in the U.S. in 1972, with Registration Certificate N2920. Serendip, as the present owner of Wendy Carlos's master sound recordings, renewed the U.S. copyright in the Clockwork Orange master sound recording, in 2000, with

Registration Certificate RE 851-992.

10.     Serendip's copyrights are protected in Russia and throughout most of the world under the laws of those countries and through the operation of the various copyright conventions of which the United States is a member, including, without limitation, the Berne Convention, effective March 1, 1989.

11.     Serendip is the owner of the worldwide copyrights in Wendy Carlos's music and sound recording works relevant to the present claims of this action. Serendip has never assigned the copyrights in such music and sound recording works to any other entity.

## U.S. COPYRIGHT INFRINGEMENT

12.     Serendip incorporates by reference paragraphs 1 – 11 as if set forth herein.

13     Upon information and belief, during Febuary 2025, Defendant Rusian, with the user name Frostlagte Mane, uploaded to YouTube.com, a website based in the USA, a video entitled "A Clockwork Orange (Intro) (Official audio" consisting of the opening title sequense of the motion picture, containing copies of the music and sound recording works "Title Music From A Clockwork Orange" by Wendy Carlos. By providing this Content to the YouTube Service, Rusian thereby granted YouTube, by its terms of service, "a worldwide, non-exclusive, royalty-free, sublicenseable and transferable license to use that Content (including to reproduce, distribute, prepare derivative works of, display, and perform it) in connection with the Service and YouTube's (and its successors' and Affiliates') business, including without limitation for promoting and redistributing part or all of the Service." Rusian also thereby granted "each other user of the Service a worldwide non-exclusive license to access [the] Content through the Service, and to use that Content, including to reproduce, distribute, prepare derivative works, display and perform it  only as enabled by a feature of the (such as video playback or embeds). Upon information and belief, YouTube monetizes the uploaded

Content, including selling advertising to display with the Content or charging users a fee for access, and pays royalties to YouTube licensors.

14. Rusian's use of Wendy Carlos's music and recording works in the video uploaded for display on YouTube would require two separate copyright licenses: a publishing license for synchronizing the music with the video, and a master use license for using the sound recording, of "Title Music From A Clockwork Orange." Wendy Carlos's works for "A Clockwork Orange" have been licensed by Serendip on multiple occasions, with individual copyright license fees offered by licensees as high as $30,000, meaning $60,000 total for the two licenses. Serendip has previously established a minimum individual license fee of $5,000 for any of Wendy Carlos's music, which in the instant case would total $10,000 for the two licenses required. Rusian's gratuitous and unlicensed use of Serendip's copyrighted works has a deleterious effect on the potential future market and value of these works.

15. Defendant Rusian has actual or constructive notice that Wendy Carlos's music and sound recording works are copyrighted and that the copyrights for the works are registered by Serendip in the United States Copyright Office. However, Rusian did not contact Serendip or Wendy Carlos, or anyone, to inquire about obtaining the required copyright licenses for his proposed use.

16. On February 23, 2025, Serendip submitted to YouTube a DMCA takedown notice pursuant to 17 U.S.C. § 512(c)(1)(C), alleging that Rusian's video use of Serendip's copyrighted music and sound recording works was not authorized by Serendip or the law. After YouTube disabled access to Rusian's video on YouTube.com, Rusian submitted a DMCA counter-notification pursuant to 17 U.S.C. § 512(g)(2), alleging that the videos were removed due to a mistake or misidentification of the material to be removed, and consenting to jurisdiction

of a Federal District Court in the United States for a legal action arising from the counter-notification. On or about February 26, 2025, YouTube provided Serendip with a copy of the counter-notification, and notified Serendip and Rusian that, as a result of the counter-notification, Serendip must file a federal court action within 10 business days or YouTube may reinstate the video to YouTube.com.

17. Defendant Rusian has infringed Serendip's exclusive rights in its copyrighted music and sound recording works, "Title Music From A Clockwork Orange", registered in the U.S. Copyright Office, by, *inter alia*, by distributing and publicly performing these works, including the sound recording by means of a digital audio transmission, in a video uploaded to YouTube.com. That video serves to promote, for the financial gain of various entities, Serendip's copyrighted works, and derivative works of the same, as reproduced in digital copies, distributed to the public throughout the world. Defendant Rusian therefore has directly infringed Serendip's exclusive rights of reproduction, distribution to the public and public performance of musical and sound recording works under 17 U.S.C. § 106(1), (3), (4) and (6).

18. Rosian's acts of infringement have been purposeful, and prospectively willful, in disregard of and indifferent to Serendip's rights.

19. As a direct and proximate result of Rusian's infringement of exclusive rights under Serendip's copyrights, Serendip is entitled to actual damages of $10,000, or, at its option, statutory damages, for each copyright pursuant to 17 U.S.C. § 504.

20. Rusian's conduct is causing and, unless enjoined by this Court, will continue to cause Serendip great and irreparable injury that cannot fully be measured or compensated in money. Serendip is without an adequate remedy at law. Pursuant to 17 U.S.C. § 502, Serendip is entitled to a permanent injunction

prohibiting the Defendant Rusian from taking any action which infringes any of the exclusive rights under Serendip's copyrights in the respective music and sound recording works, including, without limitation, reproducing the works in copies, uploading a video containing any such work to YouTube.com or any other website, distributing the works to the public, and publicly performing the music work, and the sound recording work by means of a digital audio transmission..

21.　In the event Serendip is unable to effecuate service of legal process upon Defendant Rusian (due to Russia's continuing suspension of judicial cooperation with the United States in civil and commercial matters, preventing compliance with the applicable terms of the Hague Convention and Russian law for service of legal process), this Court could not obtain peronal jurisdiction over Rusian, leaving Serendip without an adequate remedy at law. Therefore, in order to accord relief to the parties, Serendip is entiled to an injuction, pursuant to 17 U.S.C. § 502, prohibiting YouTube from reinstating Rusian's video, which invokes Serendip's copyrights, to YouTube.com.

WHEREFORE, Serendip prays for relief against the defendants, as follows:

(a)　for a declaration that Defendant Rusian has infringed Serendip's copyrights, including without limitation, the music copyright and the sound recording copyright for "Title Music From A Clockwork Orange;"

(b)　that, pursuant to 17 U.S.C. § 504, Serendip be awarded against Defendant Rusian its actual damages of $10,000, or, upon Serendip's election, statutory damages;

(c)　that, pursuant to 17 U.S.C. § 502, Defendant Rusian be permanently enjoined from infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, Serendip's copyrights in the music and sound recording works "Title Music From

A Clockwork Orange" in any manner, including, without limitation, uploading the works to YouTube.com or other websites;

      (d)      that, pursuant to 17 U.S.C. § 502, Defendant YouTube be enjoined from reinstating to YouTube.com, Rusian's video which was removed pursuant to Serendip's DMCA takedown notice, so long as personal jurisdiction over Rusian cannot be obtained by a U.S. Federal Court;

      (e)      that, pursuant to 17 U.S.C. § 505, Serendip be awarded its costs and attorneys' fees against Defendant Rusian; and

      (f)      such other and further relief to Serendip as this Court may deem to be just and proper.

Date:      New York, NY

            March 11, 2025

By: _____s/_____
      **Annemarie Franklin** (AF-3933)

Annemarie Franklin, Esq.
PO Box 1024 Cooper Station
New York NY 10276-1024
212-475-1630
sdenim@nyc.rr.com

*Attorney for Plaintiff*

8